UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE N. MARTHA, | No. C 13-5401 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| ICE GOVERNMENT; et al., | |
| Respondents. | |

## INTRODUCTION

George N. Martha, an inmate at the Sacramento County Sheriff's Rio Cosumnes Correctional Center, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The petition in this action consists of several pages of handwritten information interspersed with pages from prisoner newsletters. The handwritten portion of the petition is largely incomprehensible, but appears to challenge a decision by the United States Department of Immigration and Customs Enforcement ("I.C.E.") that petitioner be removed from the United States and sent to Israel. *See, e.g.* Docket # 9-1 at 17 ("charging this (IC) with Kangoro court, on possible death penalty case if remove to Gaza or Isreal based on fraud case" (errors in source)). A form attached to one of his filings indicates that the order of removal became final on October 1, 2013 for his removal under Immigration & Nationality Act § 237(a)(2)(A)(iii), 8

U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable"). *See* Docket # 1 at 29 (Warning for Failure to Depart).

In some of petitioner's filings, he has complained about the conditions at the county jail at which he is housed while awaiting his removal.

## DISCUSSION

A writ of habeas corpus under 28 U.S.C. 2241 is available to challenge certain actions by federal immigrations officials, such as a person's detention by I.C.E. while he or she awaits deportation. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). However, the REAL ID Act of 2005, makes the United States Court of Appeals the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, § 106(a)). Petitioner must pursue his challenge to the removal order in the United States Court of Appeals for the Ninth Circuit, not here.  The petition for writ of habeas corpus will be dismissed without prejudice to petitioner filing a petition for review in the Ninth Circuit.

If petitioner wishes to complain about his conditions of confinement at the Rio Cosumnes Correctional Center in Elk Grove, California, he may file a civil rights complaint under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).  He should file his complaint in the U.S. District Court for the Eastern District of California because the jail is located within that district.

## CONCLUSION

This action is DISMISSED without prejudice to petitioner filing a petition for review in the United States Court of Appeals for the Ninth Circuit to challenge the removal order and

without prejudice to petitioner filing a civil rights complaint in the Eastern District of California to challenge the conditions of confinement at the Rio Consumnes Correctional Center.

In light of the dismissal of the action, petitioner's motion to be released on his own recognizance is DISMISSED as moot. (Docket # 11.) Petitioner can renew his motion to be released on his own recognizance in the Ninth Circuit if he files a petition in that court challenging the removal order.

Petitioner's *in forma pauperis* application is DENIED because it is incomplete: petitioner never submitted the required certificate of funds or his inmate trust account statement. (Docket # 10.)

IT IS SO ORDERED.

DATED: December 10, 2013

_____
SUSAN ILLSTON
United States District Judge

3